ALBANY,
Feb. 1834.

Payn
v.
Lansing.

## PAYN vs. LANSING.

In all interlocutory proceedings in the progress of a suit, in which the plaintiff obtains a rule for costs against the defendant, he is entitled to charge his costs at the rate allowed for services in this court, without regard to the amount of the demand for the recovery of which the suit is brought.

February 6.

THE plaintiff, at the last October term, obtained a rule against the defendant for costs for attending to oppose a motion, and presented a bill, the items whereof were according to the rate established for this court, for taxation. The defendant made affidavit that the utmost amount of the plaintiff's demand did not exceed $200, and insisted before the taxing officer that the plaintiff was entitled only to costs at and after the rate allowed for similar services in the *common pleas*; in answer to which the plaintiff produced his declaration, consisting of several counts, one of which was on an *insimul computassent*, in which the balance stated to be found due the plaintiff was $500. The costs were taxed at the *common pleas* rate of costs, and the plaintiff now moved for a retaxation.

*By the Court*, SAVAGE, Ch. J. Costs like those claimed in this case are not regulated by statute, which applies only to *final costs*, after a suit is terminated. *Interlocutory costs* are not specially authorized by statute, except in a few instances. There are a variety of cases where costs are given, not by virtue of any statute, but by the equity and discretion of the court, 2 *Johns. C.* 104; and in all such cases, the costs of the court in which the suit is pending are intended. The taxing officer is not authorized to receive evidence of the amount of the plaintiff's claim for the purpose of enabling him to determine whether he will recover over $250; he might as well receive proof that the plaintiff was not entitled to recover at all. The plaintiff is entitled to the costs of this court, and a retaxation is therefore ordered.